IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| MICHAEL DESHAUN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-049 |
| | ) | |
| THE TOMMY AND SHIRLEY STRICKLAND CANCER CENTER INC.; DR. ALEJANDRO GARCIA-HERNANDEZ; HCA HEALTHCARE INC.; MEMORIAL HEALTH MEADOWS HOSPITAL INC.; and, MEADOWS HEALTHCARE ALLIANCE INC.; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.  SCREENING THE COMPLAINT**

    **A.  BACKGROUND**

Plaintiff names as Defendants The Tommy and Shirley Strickland Cancer Center Inc., Dr. Alejandro Garcia-Hernandez, HCA Healthcare Inc., Memorial Health Meadows Hospital Inc., and Meadows Healthcare Alliance Inc. (Doc. no. 4, pp. 3-5.) Plaintiff states he is a resident of Georgia and Defendants are residents of Georgia and Tennessee. (Id.) Taking all of Plaintiff's

factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Between March 2020 and September of 20201, Plaintiff visited Dr. Alejandro Garcia-Hernandez for an oncology appointment.  (Id. at 6.)  Dr. Garcia-Hernandez failed to scan Plaintiff's entire body to determine whether Plaintiff's throat cancer had spread.  (Id.)  Ultimately, Plaintiff's cancer spread to his back and spine, forming a stage four tumor and causing Plaintiff paralysis from the waist down.  (Id.)  Plaintiff underwent surgery to remove the tumor, however the surgery left him weakened and depressed.  (Id. at 7.)  Plaintiff further suffered financial loss and severe pain as a result of the surgery.  (Id.)  Plaintiff requests in excess of $40 million in damages.  (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly

"allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The amended complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring a state law medical malpractice or negligence claim of which there is no federal jurisdiction. Though Plaintiff filed this suit using a form complaint for violations of civil rights, (doc. no. 3, p. 1), Plaintiff fails to identify any federal claim or cause of action. He solely asserts state law claims for medical malpractice or negligence between Defendants and himself.

Nor has Plaintiff plead the facts necessary for diversity jurisdiction. While a federal court could have diversity jurisdiction over a state law claim, Plaintiff fails to allege any facts sufficient to establish such jurisdiction as it appears multiple Defendants are citizens of Georgia, as is Plaintiff. Because Plaintiff has failed to plead any facts demonstrating he is entitled to invoke the jurisdiction of the federal courts, his amended complaint is subject to dismissal.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 13th day of July, 2022, at Augusta, Georgia.

```
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```